IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>　　　　　　Plaintiff<br><br>　　VS.<br><br>JAMES E. DONALD, Comm'r, GDOC;<br>ALAN A. ADAMS, Facilities Director;<br>DR. STEPHEN REESE, GDOC Dental<br>Director; GDOC; DR. JANE DOE; DR.<br>ALI; DR. DAN SPEARS; PEGGY<br>MORRIS; DR. HAYWARD WILLIAMS;<br>CHRISTOPHER SUBER, Counselor;<br>THOMAS NELSON, Deputy Warden;<br>and ARTHUR GORDON, Deputy<br>Warden;<br><br>　　　　　　Defendants | NO. 5:04-CV-392(WDO)<br><br><br><br><br><br><br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

Plaintiff **WASEEM DAKER**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $150.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Tab # 1. Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff must nevertheless pay the full amount of the $150.00 filing, as explained later in this order and recommendation.

1

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'. . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II. MISCELLANEOUS MOTIONS

Since filing his complaint, plaintiff has filed numerous motions with the Court. These miscellaneous motions are discussed below, prior to considering the allegations contained in plaintiff's complaint.

### A. *Motion to Expedite*

Plaintiff requests that this Court expedite its frivolity screening, arguing he would suffer irreparable harm with any delay in screening (Tab # 3). By this order and recommendation, the undersigned has undertaken a frivolity review. Consequently, plaintiff's motion to expedite has been rendered moot and is hereby **DENIED.**

### B. *Motion to Correct Docket*

Plaintiff asks that the Court correct its docket to reflect that plaintiff's last name is spelled Daker, not Baker (Tab # 6). A review of the Court's docket shows that plaintiff's name has been corrected. Accordingly, plaintiff's motion to correct the docket is **DENIED** as moot.

### C. *Motion for Preliminary Injunction*

Plaintiff seeks an injunction ordering the defendants to provide tooth fillings for plaintiff and regular dental cleanings (Tab # 8).

In order to obtain injunctive relief, the plaintiff bears the burden of proving: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opposing party; and (4) granting the injunction will not disserve the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. ***Cunningham v. Adams***, 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. ***Cate v. Oldham***, 707 F.2d 1176, 1185 (11th Cir. 1983); ***Fernandez-Roque v. Smith***, 671 F.2d 426, 429 (11th Cir. 1982).

Plaintiff has failed to meet the requisite burden for injunctive relief. Plaintiff has not demonstrated a likelihood of success on the merits. On the contrary, plaintiff has not even addressed the merits of his case. Additionally, plaintiff has not demonstrated that any threatened injury he faces outweighs the potential harm caused to the defendants that injunctive relief may create. Finally, as plaintiff has not shown at this early stage in the litigation any constitutional violations, it would not serve the public interest to grant him injunctive relief.

Thus, there is no indication that the "drastic remedy" of a preliminary injunction is warranted at this juncture. Accordingly, IT IS RECOMMENDED that plaintiff's request for a preliminary injunction be **DENIED**.

### D. Motion for Evidentiary Hearing

Plaintiff seeks an evidentiary hearing in connection with his motion for preliminary injunction (Tab # 7). Inasmuch as the Court has denied plaintiff's motion for preliminary injunction, his request for a hearing is **DENIED** as moot.

### III. PLAINTIFF'S CLAIMS

Plaintiff files this action against numerous defendants at Rivers State Prison ("RSP"), Hancock State Prison ("HSP"), Central State Prison ("CSP"), and the Georgia Department of Corrections ("GDOC"). He alleges that prison officials denied him regular dental cleanings and

4

fillings and provided improper care for his gingivitis and decaying teeth. Plaintiff alleges that as a result of this lack of care, he has experienced pain, swollen gums, tooth decay, and some hearing loss in his right ear. Plaintiff claims the alleged lack of proper dental treatment resulted from the GDOC's understaffing of dental personnel and a "defacto" extraction-only policy.

Plaintiff files this lawsuit seeking damages and injunctive relief against the following defendants: (1) Dr. Jane Doe, RSP; (2) Dr. Ali, HSP; (3) Dr. Dan Spears, formerly at CSP; (4) Peggy Morris, formerly at CSP; (5) Arthur Gordon, Deputy Warden, CSP; (6) Dr. Hayward Williams, CSP; (7) Christopher Suber, Counselor, CSP; (8) Thomas Nelson, Deputy Warden, CSP; (9) Dr. Stephen Reese, GDOC Dental Director; (10) James E. Donald, GDOC Commissioner; (11) Alan A. Adams, GDOC Facilities Director; and (12) GDOC itself.

### A. *Defendants*

#### *1. Drs. Doe, Ali, Spears, and Williams, and Dental Assistant Peggy Morris*

Plaintiff alleges these defendants, who treated plaintiff and knew of his declining dental condition, failed to respond to plaintiff's requests for proper dental treatment. Because plaintiff alleges these defendants were personally involved in plaintiff's dental care, the Court will allow plaintiff's claims against defendants Doe, Ali, Spears, Williams, and Morris to go forward.[1]

---

[1] Plaintiff is advised that the Court has no way of knowing the true name of Dr. Jane Doe in order to perfect service of process in accordance with Fed.R.Civ.P. 4. Therefore, NO SERVICE will be attempted on this defendant until plaintiff can provide this Court with the true name of Dr. Jane Doe. Plaintiff is advised that it is his responsibility to ascertain the identity of the Doe dentist. Assuming plaintiff is able to provide the real identify of Dr. Doe, plaintiff must then satisfy the Fed.R.Civ.P. 15(c) requirements for relation back, to overcome the statute of limitations. *See Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir.1986) (the naming of a Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant).

### *2. Counselor Suber and Deputy Warden Nelson*

Plaintiff filed a medical grievance with defendant Suber and asked that it be expedited. Suber allegedly refused, stating it did not matter how much pain plaintiff was experiencing. Plaintiff's grievance was ultimately denied by defendant Nelson.

Alleged deficiencies in the grievance process do not give rise to any valid constitutional claim. The Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures simply do not give rise to a claim under section 1983. ***Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Accordingly, it is **RECOMMENDED** that plaintiff's claims against Suber and Nelson be **DISMISSED** and that Suber and Nelson be terminated as defendants herein.

The Court notes that, unlike complaints about the grievance process, plaintiff's alleging of specific facts evidencing authority on the part of Suber or Nelson to affect plaintiff's dental care at CSP might state a colorable claim under the Eighth Amendment. Although plaintiff has not made such allegations, if he wishes to do so, he may amend his complaint WITHIN THIRTY (30) DAYS from the date of this order and recommendation.

### *3. Deputy Warden Gordon*

Plaintiff sues defendant Gordon because Gordon allegedly threatened to transfer plaintiff to another prison and/or remove him from his vocational program. Plaintiff characterizes Gordon's conduct as retaliation for plaintiff having filed grievances. The undersigned finds that plaintiff has alleged no facts which would demonstrate he has been disciplined in retaliation for filing grievances. Even under the most liberal reading of plaintiff's complaint, he has alleged no more than *threats* of

6

retaliation, which threats were not carried out. Allegations of threats and harassment are not cognizable under section 1983. *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989). Thus, any threats plaintiff may have endured do not state a violation of his civil rights. Hence, plaintiff's claim of "retaliation" for filing a grievance is frivolous. Accordingly, it is the **RECOMMENDATION** of the undersigned that plaintiff's "retaliation" claim against Gordon be **DISMISSED**.

The Court notes that plaintiff has attached as an exhibit to one of his submissions a response from Gordon addressing an informal grievance plaintiff filed relating to plaintiff's dental concerns. To the extent plaintiff sues Gordon for his response, as noted above, in Section III.A.2., the failure of Gordon to rule favorably on plaintiff's prison grievance is not actionable under section 1983. Therefore, it is **RECOMMENDED** that plaintiff's grievance claim against Gordon be **DISMISSED**.

As is the case with Suber and Nelson, if plaintiff wishes to allege that Gordon had any authority to take some action in response to plaintiff's grievance, he may amend his complaint within the next thirty (30) days with specific facts supporting this allegation.

### *4. Georgia Department of Corrections*

A state and its agencies are not "persons" who may be sued under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the GDOC is an agency of the state, it is not a "person" who may be sued under section 1983. Accordingly, it is **RECOMMENDED** that the GDOC be **DISMISSED** as a defendant herein.

### 5. *Commissioner Donald, Dental Director Reese, and Facilities Director Adams*

Plaintiff alleges that defendants Donald, Reese, and Adams were aware of the deficiencies in dental care at the Georgia state prisons, had the power to correct these deficiencies, and yet they failed to do so. Plaintiff further alleges that these defendants knowingly understaffed dental clinics in Georgia prisons.

It is by no means clear that plaintiff will ultimately prevail on the merits. Construing the complaint liberally in favor of the plaintiff, however, this Court concludes that plaintiff has made sufficient allegations to withstand the frivolity review as to Donald, Reese, and Adams. Accordingly, plaintiff's claims against these defendants will be allowed to go forward.

## IV. OBJECTIONS TO THIS RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to the above **RECOMMENDATIONS** with the United States District Judge to whom this case is assigned within **TEN (10) DAYS** after being served with a copy thereof.

## V. ORDER OF SERVICE

**IT IS HEREBY ORDERED AND DIRECTED** that service of process be made as provided by law upon defendants ALI, SPEARS, WILLIAMS, MORRIS, DONALD, REESE, and ADAMS, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞              ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court;  to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

9

## DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $150.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $150.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞      After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

      **SO ORDERED AND RECOMMENDED**, this 27th day of April, 2005.



      CLAUDE W. HICKS, JR.
      UNITED STATES MAGISTRATE JUDGE

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (E.G., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT</u>.

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.  THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.